UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 06-14326-CV-GRAHAM

THE ATRIUM ON THE OCEAN II
CONDOMINIUM ASSOCIATION, INC.,

     Plaintiff,

vs.

QBE INSURANCE CORPORATION,
a foreign corporation,

     Defendant.

_____/

## OPINION

**THIS CAUSE** came before the Court upon Defendant's Appeal of Magistrate Judge's Order [D.E. 35] (the "Defendant's Appeal").

**THE COURT** has considered the Defendant's Appeal, the pertinent portions of the record, and is otherwise duly advised in the premises.

### I.  BACKGROUND

Plaintiff The Atrium On The Ocean II Condominium Association, Inc., commenced this civil action against Defendant QBE Insurance Corporation for breach of an insurance contract.  Jurisdiction is founded in diversity pursuant to 28 U.S.C. § 1332.  Primary at this juncture is the Plaintiff's Motion to Compel Production of Documents or In Camera Inspection [D.E. 28] ("Plaintiff's Motion to

Compel") which was granted by the United States Magistrate Judge. *See* D.E. 33.[1]   Defendant thereafter timely filed the instant appeal.

## II.   STANDARD

Federal Rule of Civil Procedure 72, in pertinent part, provides that "within ten (10) days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." Fed. R. Civ. P. 72.   The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.   *Id*; *Merrit v. International Brotherhood*, 649 F.2d 1013, 1017 (5th Cir. 1981).[2] Ultimately, Magistrate Judges are granted broad discretion in resolution of non-dispositive discovery disputes.   *Tracy v. Sarasota County*, 2007 WL1364381 (M.D. Fla. 2007).   The Defendant's Appeal is reviewed in light of these governing principles.

## III.   DISCUSSION

Pursuant to the Order on Plaintiff's Motion to Compel [D.E. 33] (hereinafter the "Magistrate's Order"), the Magistrate Judge granted Plaintiff's motion to compel to the extent that Plaintiff

---

[1]By Order of Reference, all discovery motions were referred to United States Magistrate Judge Lynch.   *See* D.E. 16.

[2]In *Bonner v. City of Richard*, 661 F.2d 1206, 1207 & 1209 (11th Cir.) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

seeks to learn "why the Defendant denied its full claim, that is the results of the Defendant's 'factual inquiry into or evaluation of [its] claim, undertaken in order to arrive at [the] claim decision." *See* Magistrate's Order, at 4 (*citing Cutrale Citrus Juices USA, Inc. v. Zurich American Ins. Group*, 2004 WL 5215191, at *2 (M.D. Fla 2004)).

Defendant maintains that the Magistrate's Order was clearly erroneous in that it misinterprets Florida law regarding the relevance and discoverability of claim file information. *See* Defendant's Appeal, at 2. More precisely, Defendant asserts that the Magistrate's Order "did not accurately address the issue of relevance in the context of [a] first party action which does not sound in bath faith." *Id.* at 9. Defendant, however, does not argue that discovery cannot be had under federal law.

Plaintiff, in opposition, correctly points out that the Magistrate Judge did not apply Florida law. Rather, the Magistrate Judge based his decision in federal work product and relevancy standards where there is no blanket protection of the Defendant's claim file. *See* Magistrate's Order, at 2.

This Court finds that Defendant has failed to show that the Magistrate's Order is clearly erroneous in its application of federal law to the issues relating to the work product doctrine. Indeed, case law strongly supports the Magistrate's finding that, under federal law, there is no blanket protection of an insurance

3

company's claim file.  *See Place St. Michel, Inc. v. Traveler's Prop. Cas. Co.*, Case No. 06-21817-CIV-LENARD/ TORRES (S.D. Fla. April 4, 2007); *St. Joe Co. v. Liberty Insur. Co.*, 2006 WL 3391208 (M.D. Fla. 2006); *Cutrale*, 2004 WL 5215191, at *2.  As such, the Magistrate Judge correctly concluded that the work product doctrine does not support Defendant's objections.

The same clarity, however, is not present with regard to the assessment of Defendant's objections based on relevance.[3]  The Defendant, on the one hand, argues that Florida law forbids discovery of a claim file unless and until a coverage dispute is resolved as to both scope and amount of damages.  *See* Defendant's Appeal, at 6; *Allstate Indemn. Co. v. Ruiz*, 899 So.2d 1121, 1129 (Fla. 2005).  Plaintiff, on the other hand, maintains that there is no such absolute rule and urges this Court to consider relevance under federal law.  *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Appeal of Magistrate Judge's Order [D.E. 38], at 3.

Eleventh Circuit precedent provides that while state law controls substantive issues in a diversity action, the admissibility of evidence is governed by federal law.  *Peat, Inc.*

---

[3]While focused on the work product doctrine, Defendant also objected to Plaintiff's discovery demands on the grounds of relevance.  *See* Defendant's Amended Response to Plaintiff's First Request for Production [D.E. 35-2], at Response to No. 4 ("This request is irrelevant"); *Id.*, at Response to No. 7 ("[the requests] are irrelevant to this first party breach of contract action.") and the instant motion focuses on relevance as the basis for objection.

*v. Vanguard Research, Incorp.*, 378 F.3d 1154, 1159 (11th Cir. 2004). Thus, while Defendant correctly notes that claim file discovery may not be had in a first party breach of contract claim under state law, this Court finds that federal law is applicable.[4]

Under Federal Rule of Evidence 401 "relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Thus, while the Magistrate's Order does not expressly refer to relevancy as defined by Rule 401, this Court finds that the Magistrate's Order is not clearly erroneous in its determination that disclosure is appropriate under federal law. The Court is mindful of the applicable heightened standard of review and finds that Defendant has failed to demonstrate a clear error.

This Court also notes that while the parties cite numerous case law, none of the cases are dispositive of the precise issue before the Court. Many are state law cases on the substantive issue of discovery of a claim file which are not binding on this Court. *See, e.g., St. Joe*, 2006 WL 3391208, at *3 ("Florida state court cases regarding discoverability of claims files are not binding on federal courts"). The Court, however, notes a similar

---

[4]As this Court also applies federal law regarding relevancy, a further discussion of state law is unwarranted.

5

case in this district upon which Defendant's rely. *See Tower 1515 Condo. Apartments Assoc., Inc. v. QBE Ins. Corp.*, 2006 U.S. Dist. LEXIS 73401 (S.D. Fl. August 23, 2006). Defendant in this case is also a party in *Tower 1515 Condominium Apartments Association, Inc. v. QBE Insurance Corporation,* wherein, in vacating a magistrate judges order, the District Court found that claim file discovery was premature. *Tower 1515,* 2006 U.S. Dist. LEXIS 73401, at *5. Significantly, however, the *Tower 1515* decision was mainly discussing the issue of defendant's waiver of objections and was not an analysis of claim file discovery. *Id.* at *4. Moreover, the discovery request in *Tower 1515* was for "an entire job file as it relates to the investigation." *Id.* at *1 n.3. Significantly in this case, Plaintiff has limited its discovery request to those documents listed on the privilege log, as opposed to seeking an entire claims file. *See* Magistrate's Order, at 4; *see also* Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Compel Production of Documents or to Compel in Camera Inspection [D.E. 32], at 5. The limited request narrows the issue and makes *Tower 1515* distinguishable.[5]

This Court agrees with the Magistrate Judge and finds that

---

[5]Defendant also relies on *Quadomain Condominium Association v. QBE Insurance Corporation,* 2007 WL 1424596 (S.D. Fla. May 14, 2007), a case also in this District. *Quadomain,* however, is distinguishable in that it dealt with a motion to dismiss wherein the district court applied state law. As noted above, the Court applies federal law at this discovery juncture.

nothing precludes the discovery of the documents sought by Plaintiff. This Court also notes that the Magistrate Judge recognized the limits of the court's ruling in that Plaintiff could not obtain complete relief because there are disputes as to the precise time period subject to discovery. *See* Magistrate's Order, at 4. As such, the Magistrate Judge permitted the parties to submit the listed documents for *in camera* inspection. *Id.* Should the parties remain in disagreement upon this Court's affirmance, the parties shall submit to the *in camera* inspection proposed by the Magistrate Judge.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Appeal of Magistrate Judge's Order [D.E. 40] is found without merit. It is further

**ORDERED AND ADJUDGED** that the Magistrate's Order [D.E. 33] is hereby **AFFIRMED.** It is further

**ORDERED AN ADJUDGED** that within ten (10) days of the date of this Opinion, the Defendant shall produce the documents in accordance with the Magistrate's Order, or in the alternative, within five (5) days from the date of this Opinion, Defendant shall submit the subject documents to the Magistrate Judge for *in camera* inspection.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of October, 2007.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  United States Magistrate Judge Lynch
     All Counsel of Record

8